IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFRED T. GIULIANO, as Chapter 7 Trustee for the the jointly administered Chapter 7 estates of Debtors, DSI Renal Holdings LLC, DSI Hospitals, Inc. and DSI Facility Development, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CDSI I HOLDING COMPANY, INC., *et al.*<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO. 13-2776<br>:<br>:<br>:<br>:<br>: |

MEMORANDUM OPINION

Rufe, J.                                                                                                           March 17, 2014

I.   INTRODUCTION

Plaintiff is the Chapter 7 Trustee for the jointly administered estates of DSI Renal Holdings LLC, DSI Hospitals, Inc., and DSI Facility Development, LLC ("the Debtors").[1] The Debtors' bankruptcy case is pending in the United States Bankruptcy Court for the District of Delaware.[2] Plaintiff has filed suit here against numerous Defendants, seeking "(a) to avoid as fraudulent transfers various transactions, transfers and agreements . . . and (b) to recover in excess of $425 million from the Defendants who include transferees of the fraudulent transfers, officers, directors and/or controlling shareholders who orchestrated, implemented and profited

---

[1] The Debtors are Delaware entities. Compl. ¶ 7. The Complaint alleges that one of the Debtors' operating subsidiaries owned a facility in Bucks County, Pennsylvania. Compl. ¶ 39.

[2] *In re DSI Renal Holdings LLC*, No. 11-11722 (KJC) (Del. Bankr.).

from" the alleged wrongdoing.[3]  The Complaint alleges a complex scheme to strip the Debtors' assets and to shield those assets from the claims of creditors and asserts the following claims:

| | | |
|---|---|---|
| First Claim: | Avoidance of Transfers Pursuant to 11 U.S.C. § 548(a)(1)(A) | |
| Second Claim: | Avoidance of Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B) | |
| Third Claim: | Avoidance of Transfers Pursuant to 6 Del. C. §§ 1304 & 1305, and 11 U.S.C. § 544 | |
| Fourth Claim: | Recovery of Transfers under 11 U.S.C. § 550 | |
| Fifth Claim: | Breach of Fiduciary Duty | |
| Sixth Claim: | Aiding and Abetting Breach of Fiduciary Duty | |
| Seventh Claim: | Corporate Waste | |
| Eighth Claim: | Declaratory Judgment | |
| Ninth Claim: | Equitable Subordination under 11 U.S.C. § 510[4] | |

Defendants, none of whom are incorporated in, or residents of, Pennsylvania,[5] have filed motions seeking to dismiss the case for improper venue or to transfer it to the United States District Court for the District of Delaware, as well as motions to dismiss the claims on substantive grounds.  Because the Court concludes that the case is properly litigated in Delaware, not in this Court, only the venue motions will be addressed here.

## II.  STANDARD OF REVIEW

In seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendants bear the burden of showing improper venue.[6]  "In considering a motion to dismiss for improper venue . . . the court must generally accept as true the allegations in the Complaint, although the

---

[3] Compl. ¶ 1.

[4] Doc. No. 1.  Except for the Fifth and Seventh Claims, which are asserted only against certain Defendants, the claims are asserted against all Defendants.

[5] Compl. ¶¶ 8-34.

[6] *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724–25 (3d Cir. 1982).

parties may submit affidavits in support of their positions."[7] But the Court must "draw all reasonable inferences and resolve all factual conflicts in the plaintiff[']s favor."[8]

Venue in bankruptcy cases is governed by statute, which provides in relevant part:

(a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.

. . .

(c) Except as provided in subsection (b) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the district court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.[9]

Some clarification of these terms may prove helpful. A "case under title 11" is the bankruptcy petition itself.[10] A proceeding "arising under" a title 11 case "refers to the steps within the [bankruptcy petition] case and to any sub-action within the case that may raise a disputed legal matter."[11] A proceeding "arising in" a title 11 case refers "to proceedings that are not based on any right expressly created by title 11, but nevertheless would have no existence outside the bankruptcy case."[12] A proceeding is "related to" a title 11 case if its outcome "could conceivably have any

---

[7] *Chester v. Beard*, No. 07-4742, 2008 WL 2310946, at *5 (E.D. Pa. June 1, 2008) (quotations and citation omitted).

[8] *Id.*

[9] 28 U.S.C. § 1409. Sections (b) and (d) are irrelevant to the present motions.

[10] *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 264 (3d Cir. 1991).

[11] *In re Fleming Companies, Inc.*, 444 B.R. 127, 134 (Bankr. D. Del. 2011).

[12] *Id.*

3

effect on the estate being administered in bankruptcy."[13] The bankruptcy petition and proceedings "arising under" it and "arising in" it are referred to as "core" proceedings, and "related to" proceedings are referred to as "non-core" proceedings.[14] A non-core proceeding "does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy."[15]

### III.   DISCUSSION

Plaintiff asserts that venue is proper in this District pursuant to § 1409(c), because the fraudulent transfer and other state-law claims have been brought in Plaintiff's capacity as "statutory successor to the . . . creditors" and non-bankruptcy venue law supports the choice of this forum.  As Defendants do not reside in Pennsylvania, the general venue statute requires that a "substantial part of the events or omissions giving rise to the claim [have] occurred" in this District.[16]  To determine substantiality, the Court must evaluate the nature of the claims, the events that gave rise to them, and where those events or omissions occurred.[17]  The events or omissions must "bear a close nexus" to the claim.[18]

This case unquestionably could have been filed in Delaware,[19] but Plaintiff argues that

---

[13] *In re Guild and Gallery Plus, Inc*, 72 F.3d 1171, 1180-81 (3d Cir. 1996) (emphasis removed).

[14] *In re Resorts Int'l, Inc.*, 372 F.3d 154, 162 (3d Cir. 2004).

[15] *In re Guild*, 72 F.3d at 1178 (internal citations omitted).

[16] 28 U.S.C. § 1391(b)(2).

[17] *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295-96 (3d Cir. 1994).

[18] *Hayes v. Transcor Am., LLC*, No. 08-293, 2009 WL 1795309, at *2 (E.D. Pa. June 23, 2009).

[19] A leading treatise notes that " it will be a most unusual trustee or most unusual situation that would cause a suit under section 544(b) to be brought anywhere other than the home court."  1-4 Collier on Bankruptcy ¶ 4.03.

venue is appropriate in this District because numerous creditors of the Debtors are located here,[20] because Defendants' alleged actions delayed claims of creditors of Bucks County Hospital, located within this District, and because one of the Defendants, Northwestern Mutual Life, regularly conducts business in this District.[21]  Defendants argue that almost none of the events at issue occurred in Pennsylvania, but the Court is limited to the present record, which includes only the Complaint.  The Complaint does not identify where many of the events at issue occurred, but does allege fraud in connection with the obligations of facilities located in this District.[22]  Because venue may be laid in more than one district and because Defendants have not shown that the claims have the closest nexus to a particular forum other than this one,[23] the Court cannot conclude that Defendants have carried their burden of establishing improper venue as to the statutory successor claims.

Even though the statutory successor claims may be brought in this District, that does not settle the matter of the core bankruptcy claims, for which independent venue exists only in the District of Delaware.  Plaintiff seeks to bring these claims along under the doctrine of pendent venue, under which "a federal court may in its discretion hear pendent claims which arise out of

---

[20] Under § 1409(c), "when the trustee brings suit as successor to the creditors, the residences of the trustee and debtor are irrelevant; the appropriate residence to be considered is that of the 'creditors.'" *Id*.  Thus, although Moving Defendants argue that only a small percentage of creditors of the bankruptcy may be found in this District, it appears that the trustee may "pick and choose" among creditors in selecting a venue under § 1409(c). *Id*.

[21] Plaintiff relies heavily upon the decision in *In re Enron Corp.*, 317 B.R. 701 (Bankr. S.D. Tex. 2004).  In that case, the court held that under § 1409(c) and Texas law a substantial part of the events occurred in the district where the debtor was headquartered and where it undertook "formulation, analysis, and decision-making related to the payment" in question. *Id*. at 709.

[22] Compl. ¶¶ 89-90.

[23] Defendants argue that venue might properly lie in Delaware, New York or Tennessee (where Bucks County Hospital filed a bankruptcy petition).

the same nucleus of operative fact as a properly venued federal claim, even if venue of the pendent claim otherwise would not lie."[24] However, pendent venue, which is an exception to the general rule that venue must be proper as to each claim,[25] does not support bringing all claims in a forum because venue is proper as to some claims, as Plaintiff urges.[26] Instead, when

> a party advocates exercise of pendent venue over an additional federal claim which is subject to its own specific venue provisions, courts have generally taken one of two approaches. First, some courts have found that the more specific venue provisions control, and have required that the case be brought in a venue which satisfies the more specific statute. Second, . . . some courts determine which of the two federal claims is the "primary" claim, and apply the venue statute applicable to that claim.[27]

Under either of these approaches, the Court finds that it would not be a proper exercise of discretion to allow the claims arising under the bankruptcy case to be brought in this District. The "more specific statute" applicable here is § 1409(a), which limits the venue for these claims to the home of the bankruptcy.[28] Under the second approach, although it is not immediately apparent from the Complaint whether the core or non-core proceedings should be considered "primary" for

---

[24] *Banfield v. UHS Home Attendants, Inc.*, No. 96-4850, 1997 WL 342422, at *2 (S.D.N.Y. June 23, 1997).

[25] *Walden v. Locke*, 629 F. Supp. 2d 11, 14-15 (D.D.C. 2009).

[26] Plaintiff again cites the decision in *In re Enron*, where the court held that avoidance actions under 11 U.S.C. § 548 were proceedings arising under title 11 that could not be brought independently under § 1409(c) but held, without analysis, that they could be joined pursuant to Federal Rule of Civil Procedure 18. *In re Enron*, 317 B.R. at 706. Rule 18, however, "does not purport to deal with questions of jurisdiction or venue which may arise with respect to claims properly joined as a matter of pleading." Fed. R. Civ. P. 18 cmt. (1966 Amendment). *See* Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts.").

[27] *Solow Bldg. Co. v. ATC Assocs.,* 175 F. Supp. 2d 465, 470.

[28] Although some courts have held that § 1409(a) is permissive and not mandatory, *In re Fleming*, 444 B.R. 127, 139 (Bankr. D. Del. 2011), neither party has identified any other provision governing venue over these claims; nor is there any suggestion that in the absence of the statutory successor claims venue could be laid in this District, which is not the place of business of the Debtors.

purposes of establishing federal court venue, the Court concludes that just as courts generally do not apply the doctrine of pendent venue in cases brought pursuant to the Court's diversity jurisdiction,[29] under the circumstances of this case it would not be proper to allow the state-law claims to predominate over the bankruptcy-based claims.[30]  It would not serve the administration of justice to exercise jurisdiction over the core proceedings when those proceedings lack an independent basis for venue.

That leaves the question of how to proceed.  The Court could dismiss the core proceedings (which presumably would then be filed where venue is proper) or transfer them to the District of Delaware and proceed with the statutory successor claims in this Court.[31]   The Court determines instead that both the interest of justice and the convenience of the parties will be served by the transfer of all claims to the District of Delaware.[32]  To do otherwise would force all parties to litigate the claims in two different courts, requiring a duplication of effort both by the parties and the courts involved that would provide no appreciable benefit whatsoever, and many drawbacks.[33]

---

[29] *Cf. Bond Safeguard Ins. Co. v. LR Buffalo Creek, LLC*, No. 08-434, 2009 WL 2601211, at *18 (W.D.N.C. Aug. 21, 2009) ("While one may argue in good faith for an extension of the pendent venue doctrine to actions brought under the court's diversity jurisdiction, the court can find no cases that clearly allow for such an extension.").

[30] The Court notes that at least some of the statutory successor claims are predicated upon Delaware state law, and that although Plaintiff argues both Delaware and Pennsylvania law in opposition to the motion, the only state law mentioned in the Complaint is a Delaware statute.  As the Debtors are Delaware companies, it seems likely that Delaware fiduciary law would apply, but the Court need not determine choice of law issues.

[31]  28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

[32] 28 U.S.C. §§ 1404, 1412.

[33]  In *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995), the Third Circuit directed that courts consider various factors, including the plaintiff's forum preference; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses; the location of books and records; the enforceability of the judgment; practical

IV.     **CONCLUSION**

Plaintiff does not dispute that the action could have been filed in the District of Delaware, and that venue as to all claims would be proper in that court. Because venue as to all claims is proper in Delaware and not in this Court, and because consideration of the merits of the case will require the adjudication of claims that are closely related to the bankruptcy and the administration of that case, the case will be transferred.   An order will be entered.

---

considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion;  the local interest in deciding local controversies at home; the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases.  The Court concludes that in this case the equities weigh heavily in favor of litigating this case in Delaware, and that the practical considerations of having two lawsuits in two different states, and the resulting duplication, confusion, and expense, compel transfer of all claims.  The Court also notes that no party argues for the Solomonic solution.